

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 8555
EJOYCE@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

June 26, 2020



Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Dill et al. v. JPMorgan Chase Bank, N.A.,* Case No: 19-cv-10947 (KPF):
              Response to Plaintiffs' June 25, 2020 Letter (Dkt. No. 51)

Dear Judge Failla:

      On behalf of JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), we write in response to the letter Plaintiffs emailed last night and filed on ECF today in which they unilaterally attempted to impose a two business day deadline on JPMorgan Chase's reply brief in support of its cross-motion to extend the time to respond to Plaintiff Garber's claims. Plaintiffs' request should be denied and JPMorgan Chase should be allotted the usual one-week deadline for its response.

      Yesterday evening, June 25, 2020, Plaintiffs' chose to file early a Reply in support of Plainitffs' Motion Pursuant to Fed. R. Civ. P. 21 for Leave to Add a Party Plaintiff, which pursuant to this Court's order is due on June 29, 2020, combined with a Memorandum of Law in Opposition to JPMorgan Chase's Cross-Motion to Set Responsive Pleading Deadline Upon Disposition of the Pending Motion to Compel Arbitration (Dkt. No. 50), which, pursuant to Local Rule 6.1(b), would have been due on July 6, 2020. Had Plaintiffs filed their Opposition at that time, JPMorgan Chase's reply in support of its cross-motion would be due on July 13, 2020.

      Simultaneously with their early filing, Plaintiffs' submitted a letter demanding that JPMorgan Chase's reply in support of its cross-motion be filed by June 29, 2020 (Dkt. No. 51). Plaintiffs set forth no grounds for unilaterally imposing an expedited response time on JPMorgan Chase, and there are none. Plaintiffs' request should be rejected.

      Besides failing to set forth a reason to require an expedited reply by JPMorgan Chase, Plaintiffs' request is inappropriate for multiple reasons. First, Plaintiffs' suggestion that requiring such an expedited reply of JPMorgan Chase puts the parties on equal footing (*see* Ltr. at 1) is wrong mathematically. Plaintiffs' counsel filed their reply three full *business* days after JPMorgan Chase filed its opposition according to the Court's scheduling order. But demanding

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

that JPMorgan Chase file its reply on Monday, June 29 to an opposition filed hours after the close of business on Thursday, June 25 allows only one full business day and the filing day in which to respond.  Second, bad math aside, JPMorgan Chase and its counsel should not be punished because Plaintiffs *chose* to file their reply brief four days earlier than the Court-ordered deadline, and their opposition brief *11 days early*.  See Local Rule 6.1(b) ("answering memoranda shall be served within fourteen days after service of the moving papers").[1]  Third, Plaintiffs' shorter time to file their own combined reply and opposition was undoubtedly aided by the fact that JPMorgan Chase extensively previewed its arguments to Plaintiffs' counsel in a letter of June 12, 2020 that requested that Plaintiffs withdraw their Rule 21 motion or dismiss Plaintiff Garber.  Plaintiffs' unilateral request for a truncated reply deadline is highly improper under these circumstances.

For the foregoing reasons, and following the standard course of practice, JPMorgan Chase requests that the Court deny Plaintiffs' request and allow JPMorgan Chase seven days to reply to Plaintiffs' Opposition, and so set the response deadline as July 2, 2020.

Respectfully submitted,

*/s/ Eamon P. Joyce*

Eamon P. Joyce

---

[1] Plaintiffs' counsel did not confer with JPMorgan Chase about the briefing schedule they unilaterally requested.  Had they done so, JPMorgan Chase's lead counsel would have apprised them that he and his family are moving today and over the weekend, making the condensed schedule they seek particularly inappropriate.

The Court is in receipt of numerous filings from the parties, including briefs regarding Plaintiffs' motion to add Kari Garber as a plaintiff, briefs regarding Defendant's cross-motion to set a responsive pleading deadline, and letters from both parties. (Dkt. #38-40, 45, 47-51). The Court now resolves the parties' various motions as follows:

*First*, Plaintiffs' motion to add Kari Garber as a party plaintiff and putative class representative is GRANTED. Defendant does not oppose the motion and the Court sees no reason to deny it. *Second*, Defendant's cross-motion to set the responsive pleading deadline to Kari Garber's allegations for 30 days following resolution of the pending motion to compel arbitration is GRANTED. The Court does not believe it would be appropriate to require Defendant to engage in discovery before it is resolved whether Plaintiffs Dill and Appleby may remain in this action. Similarly, the Court will not require Defendant to engage in a Federal Rule of Civil Procedure Rule 26(f) conference at this time. After the motion to compel arbitration is resolved, the Court will schedule an initial pretrial conference to discuss next steps in the action. The parties will meet and confer on a discovery schedule prior to that conference. *Third* and finally, the Court DENIES Plaintiffs' request that Defendant be required to file its reply memorandum regarding its cross-motion a mere three days after the filing of Plaintiffs' opposition. Given that the Court has granted Defendant's cross-motion, Plaintiffs' request is now moot.

To summarize: Kari Garber may be added as a party plaintiff and putative class representative, but Defendant need not answer, move, or respond otherwise, to Ms. Garber's claims until 30 days after the Court has resolved the motion to compel arbitration. The Court will resolve the motion to compel arbitration in due course. The Clerk of Court is directed to terminate the motions at docket entries 38 and 47.

Dated:     June 26, 2020          SO ORDERED.
           New York, New York

                                  *Katherine Polk Failla*

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE